ROBERT A. HESSLING (State Bar No. 096466)
*rhessling@gmail.com*
MATTHEW F. KENNEDY (State Bar No. 199485)
*matthewfkenn@gmail.com*
ROBERT A. HESSLING, APC
3853 Meadow Park Lane
Torrance, California 90505
Telephone:   (310) 375-0255
Facsimile:   (310) 373-5152

Proposed General Counsel for
Jason M. Rund,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PAUL EDWARD ROBERTS,<br><br>　　　　　Debtor. | Case No: 2:21-bk-15669-WB<br><br>Chapter 7<br><br>**APPLICATION OF TRUSTEE TO EMPLOY ROBERT A. HESSLING, APC, AS GENERAL COUNSEL FOR TRUSTEE; AND DECLARATIONS OF JASON M. RUND AND ROBERT A. HESSLING**<br><br>No Hearing Required Unless Requested] |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE:**

Jason M. Rund, Chapter 7 Trustee ("Applicant"), respectfully represents as follows:

1.     Applicant is the Chapter 7 Trustee of the estate of Paul Edward Roberts ("Debtor").

2.     On May 6, 2020, the petitioner Suzanne Roberts ("Suzanne") commenced a dissolution proceeding against the respondent Debtor in the Los Angeles County Superior Court, being *Roberts v. Roberts*, Case No. 20STFL03944 ("Dissolution Action").

3.     On September 3, 2020, a Judgment in accordance with a marital settlement agreement was filed in the Dissolution Action. Pursuant to the marital settlement agreement and the Judgment thereon:

///

1

  a. Suzanne was awarded all of the rights, title, and interests in the following assets:

    (1) two bank accounts, loans receivable, a one-half of all income tax refunds to be received by the parties on account of any joint federal or state income tax returns filed by the parties, all of the clothing, jewelry, and personal effects in her possession, and all of the parties' furniture, furnishings, art, antiques, and other household goods; and

    (2) a 2.2725% interest in the limited partnership of Palm Larabee Company ("Palm Larabee Interest").

  b. The Debtor was awarded all of the rights, title and interests in one-half of all income tax refunds to be received by the parties on account of any joint federal or state income tax returns filed by the parties and all of the clothing, jewelry, and personal effects in his possession.

  c. Excluding any debts relating to the assets, the Debtor was responsible for paying the community debts consisting of a Mastercard account and all federal and state taxes attributable to the Palm Larabee Interest and all distributions from the Debtor's retirement account.

4. Applicant is informed and believes that: (a) the Palm Larabee Interest has substantial value; and (b) the Palm Larabee Company has made, and is making, post-Judgment payments to Suzanne relating to the Palm Larabee Interest.

5. The transfers to Suzanne pursuant to the marital settlement agreement and the Judgment thereon and all post-Judgment payments to Suzanne relating to the Palm Larabee Interest are hereinafter collectively referred to as the "Transfers."

6. On July 13, 2021, the Debtor filed a voluntary Chapter 7 petition. Jason M. Rund was appointed as the Chapter 7 Trustee of the Debtor's estate.

7. Applicant alleges, among other things, that the divisions of the assets and liabilities in the marital settlement agreement and the Judgment thereon were unequal and that the Transfers are avoidable as fraudulent transfers under the Bankruptcy Code and California law.

8. In his amended schedules, the Debtor lists a claim in the sum of $3,238,143.58 against Clifford Getz and unsecured claims in the total sum of $2,234,854.97.

///

9. Applicant requires general counsel to assist and advise him regarding various legal matters, including without limitation:

    a. investigate the claims and causes of action against Clifford Getz and prosecute or liquidate such claims and causes of action if and to the extent that such claims and causes of action are of consequential value and benefit to the estate;

    b. avoid any fraudulent and/or preferential transfers, including the Transfers;

    c. liquidate any property that is recovered as a result of the avoidance of any transfers, including the Transfers;

    d. prosecute claims objections to the extent that legal issues are involved and that funds are generated for the estate; and

    e. take such other legal action that may be necessary and appropriate.

10. Applicant seeks to employ Robert A. Hessling, APC ("RAH, APC") as his general counsel as of January 5, 2002. As of the commencement of services by RAH, APC, there was little to no cash on hand against which there would be assurance that administrative fees and costs incurred would be paid. Notwithstanding this risk of nonpayment, RAH, APC has agreed to represent Applicant.

11. RAH, APC is experienced in debtor/creditor matters, including the representation of trustees and various interested parties that appear in bankruptcy cases. It is competent to perform the requisite legal services in this case. Its breadth of experience and length of service in the legal community are described in its business profile, a copy of which is attached as Exhibit "1" to the attached Declaration of Robert A. Hessling.

12. RAH, APC and each of its attorneys and members who will work on this case are familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and will comply with the Code and Rules.

13. Applicant proposes to retain RAH, APC upon an hourly basis and as follows: except as the Court may otherwise determine, after due notice, RAH, APC will apply to the Court under 11 U.S.C. §§ 330 and 331 for an allowance of fees and reimbursable costs not more often than

every 120 days. The application will be heard upon notice to creditors and interested parties. RAH, APC will accept such fees as may be awarded by the Court.

14. RAH, APC will seek compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330.

15. As set forth in the Declaration of Robert A. Hessling, RAH, APC expects that its compensation will be based upon a combination of factors, including without limitation its customary fees charged to clients who pay RAH, APC monthly, as those fees are adjusted from time to time, experience and reputation of counsel, time expended, results achieved, novelty and difficulty of matters undertaken, including time limitations imposed, preclusion from other employment, desirability of the case, and nature and length of the professional relationship and awards in similar cases.

16. To the best of Applicant's knowledge, RAH, APC and its attorneys and members: (a) do not hold or represent any interest adverse to Applicant, the Debtor, the creditors, and the estate; (b) have no connections with the Debtor, the creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or any bankruptcy judge presiding in the United States Bankruptcy Court for the Central District of California, except that: (1) Mr. Hessling is the principal of RAH, APC, which is a former limited partner of the firm of Danning, Gill, Diamond & Kollitz, LLP ("DGDK"); (2) Matthew F. Kennedy is a former associate of DGDK; (3) while at DGDK, Messrs. Hessling and Kennedy represented Applicant as the Trustee in unrelated bankruptcy cases; and (4) RAH, APC represents Applicant as the Trustee in unrelated bankruptcy cases; and (c) are disinterested persons as that term is defined in 11 U.S.C. § 101(14) and used in 11 U.S.C. § 327(a). Without limitation, RAH, APC holds no pre-petition claim against the estate.

///

///

///

///

///

4

WHEREFORE, Applicant prays that the Court enter an order authorizing him to employ RAH, APC as his general counsel, effective as of January 5, 2022, as an administrative expense of the Chapter 7 estate and for such other and further relief as is just and proper.

Dated: January 10, 2022					ROBERT A. HESSLING, APC

					By: _____
					ROBERT A. HESSLING
					Proposed General Counsel for Jason M. Rund,
					Chapter 7 Trustee

# DECLARATION OF JASON M. RUND

## **DECLARATION OF JASON M. RUND**

I, Jason M. Rund, declare as follows:

1.  I am the Chapter 7 Trustee of the estate of Paul Edward Roberts ("Debtor").

2.  I have personal knowledge of the facts in this declaration, except those matters that are based upon information and belief, and as to those matters I believe that such matters are true. If called as a witness, I could testify competently to these facts.

3.  On May 6, 2020, the petitioner Suzanne Roberts ("Suzanne") commenced a dissolution proceeding against the respondent Debtor in the Los Angeles County Superior Court, being *Roberts v. Roberts*, Case No. 20STFL03944 ("Dissolution Action").

4.  On September 3, 2020, a Judgment in accordance with a marital settlement agreement was filed in the Dissolution Action. Pursuant to the marital settlement agreement and the Judgment thereon:

   a. Suzanne was awarded all of the rights, title, and interests in the following assets:

   (1) two bank accounts, loans receivable, a one-half of all income tax refunds to be received by the parties on account of any joint federal or state income tax returns filed by the parties, all of the clothing, jewelry, and personal effects in her possession, and all of the parties' furniture, furnishings, art, antiques, and other household goods; and

   (2) a 2.2725% interest in the limited partnership of Palm Larabee Company ("Palm Larabee Interest").

   b. The Debtor was awarded all of the rights, title and interests in one-half of all income tax refunds to be received by the parties on account of any joint federal or state income tax returns filed by the parties and all of the clothing, jewelry, and personal effects in his possession.

   c. Excluding any debts relating to the assets, the Debtor was responsible for paying the community debts consisting of a Mastercard account and all federal and state taxes attributable to the Palm Larabee Interest and all distributions from the Debtor's retirement account.

6

5. I am informed and believe that: (a) the Palm Larabee Interest has substantial value; and (b) the Palm Larabee Company has made, and is making, post-Judgment payments to Suzanne relating to the Palm Larabee Interest.

6. The transfers to Suzanne pursuant to the marital settlement agreement and the Judgment thereon and all post-Judgment payments to Suzanne relating to the 2.2725% interest are hereinafter collectively referred to as the "Transfers."

7. On July 13, 2021, the Debtor filed a voluntary Chapter 7 petition. I was appointed as the Chapter 7 Trustee of the Debtor's estate.

8. I allege, among other things, that the divisions of the assets and liabilities in the marital settlement agreement and the Judgment thereon were unequal and that the Transfers are avoidable as fraudulent transfers under the Bankruptcy Code and California law.

9. In his amended schedules, the Debtor lists a claim in the sum of $3,238,143.58 against Clifford Getz and unsecured claims in the total sum of $2,234,854.97.

10. I require general counsel to assist and advise me regarding various legal matters, including without limitation:

    a. investigate the claims and causes of action against Clifford Getz and prosecute or liquidate such claims and causes of action if and to the extent that such claims and causes of action are of consequential value and benefit to the estate;

    b. avoid any fraudulent and/or preferential transfers, including the Transfers;

    c. liquidate any property that is recovered as a result of the avoidance of any transfers, including the Transfers;

    d. prosecute claims objections to the extent that legal issues are involved and that funds are generated for the estate; and

    e. take such other legal action that may be necessary and appropriate.

11. I seek to employ Robert A. Hessling, APC ("RAH, APC") as my general counsel as of January 5, 2002. As of the commencement of services by RAH, APC, there was little to no cash

///

///

7

on hand against which there would be assurance that administrative fees and costs incurred would be paid. Notwithstanding this risk of nonpayment, RAH, APC has agreed to represent me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2022, at El Segundo, California.

/s/ Jason M. Rund
JASON M. RUND

8

# DECLARATION OF ROBERT A. HESSLING

## DECLARATION OF ROBERT A. HESSLING

I, Robert A. Hessling, declare as follows:

1. I am the principal of Robert A. Hessling, APC ("RAH, APC"), the proposed general counsel for Jason M. Rund, the Chapter 7 Trustee ("Trustee") of the estate of Paul Edward Roberts ("Debtor"). I am duly admitted to practice in the State of California and before the above-entitled Court.

2. I have personal knowledge of all of the facts in this declaration and, if called as a witness, could competently testify to these facts.

3. RAH, APC is experienced in debtor/creditor matters, including the representation of trustees and various interested parties that appear in bankruptcy cases. It is competent to perform the requisite legal services in this case. Its breadth of experience and length of service in the legal community are described in its business profile, a copy of which is attached as Exhibit "1."

4. To the best of my knowledge, RAH, APC and I and its attorneys and members: (a) do not hold or represent any interest adverse to the Trustee, the Debtor, the creditors, and the estate; (b) have no connections with the Debtor, the creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or any bankruptcy judge presiding in the United States Bankruptcy Court for the Central District of California, except that: (1) Mr. Hessling is the principal of RAH, APC, which is a former limited partner of the firm of Danning, Gill, Diamond & Kollitz, LLP ("DGDK"); (2) Matthew F. Kennedy is a former associate of DGDK; (3) while at DGDK, Messrs. Hessling and Kennedy represented the Trustee in unrelated bankruptcy cases; and (4) RAH, APC represents the Trustee in unrelated bankruptcy cases; and (c) are disinterested persons as that term is defined in 11 U.S.C. § 101(14) and used in 11 U.S.C. § 327(a). Without limitation, RAH, APC holds no pre-petition claim against the estate.

5. RAH, APC will apply to the Court for fees and will base its requested fees on the following factors, individually and in combination as circumstances warrant, without limitation: its customary hourly fees charged to clients who pay RAH, APC monthly, as those fees are adjusted from time to time; experience and reputation of counsel; time expended; results achieved; novelty

and difficulty of matters undertaken, including time limitations imposed; preclusion from other employment; undesirability of the case; the nature and length of the professional relationship; and awards in similar cases. RAH, APC is willing to accept as compensation such amount as may hereafter be allowed by this Court. RAH, APC will seek compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330.

6. The attorneys and members of RAH, APC are myself and Matthew F. Kennedy. My hourly rate is $445.00. Mr. Kennedy's hourly rate is $345.00. These rates may change from time to time. The hourly rates in effect as this case progresses will be one of the factors upon which RAH, APC will base its request for compensation.

7. The rates of RAH, APC for reimbursements of expenses incurred in bankruptcy cases are as follows:

    a. telephone, postage, messengers, overnight mail, on-line computer research, filing fees, deposition or witness fees and parking – actual cost

    b. reprographic expense (photocopy, print) – $ .20 per page

    c. incoming facsimile – $ .20 per page

    d. outgoing facsimile – $1.00 per page

    e. mileage – IRS rate for business use (currently $ .55½ per mile)

8. There is no oral or written employment agreement, except an agreement by RAH, APC to accept compensation in such sum as the Court may deem reasonable. The only source of payment will be from property of the estate as authorized by the Court. RAH, APC has not received nor is it seeking any retainer or advance payment of fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2022, at Torrance, California.

_____
ROBERT A. HESSLING

# EXHIBIT 1

**ROBERT A. HESSLING, APC**
3853 Meadow Park Lane
Torrance, CA 90505
Telephone: (310) 375-0255
Facsimile: (310) 373-5152
E-Mail: *rhessling@gmail.com*

Robert A. Hessling, APC emphasizes its practice on bankruptcy and business matters. It represents: (1) bankruptcy trustees, creditors and debtors in Chapter 7 and 11 cases in all divisions of the United States Bankruptcy Court for the Central District of California; (2) receivers in federal and state court receivership cases; and (3) many other non-bankruptcy clients, including without limitation individuals, businesses, assignees for the benefit of creditors, and disbursing agents, in business matters and litigation in state and federal courts. Robert A. Hessling and Matthew F. Kennedy are the current members and attorneys of Robert A. Hessling, APC.

### Robert A. Hessling

Robert A. Hessling is the principal of Robert A. Hessling, APC, which is a former limited partner of Danning, Gill, Diamond & Kollitz, LLP ("DGDK"). While at DGDK between 1994 and June 2012, Mr. Hessling represented: (1) bankruptcy trustees, creditors and debtors in Chapter 7 and 11 cases in the Los Angeles, Riverside, Santa Ana and San Fernando Valley Divisions in the Central District; and (2) clients in business matters and litigation in state and federal courts. He handled his own caseload and supervised associates and paralegals. His responsibilities included without limitation assisting trustees in liquidating bankruptcy assets, prosecuting bankruptcy and business litigation in state and federal courts, and serving as their authorized representative at meetings of creditors. In this latter capacity, he conducted over 10,000 meetings of creditors since 1995 and has screened thousands of bankruptcy cases to locate and liquidate assets of consequential value.

Between 1990 and 1994, Mr. Hessling was the principal of the Law Offices of Robert A. Hessling in San Diego, California. He was formerly associated with the San Diego bankruptcy firm of Estes & Hoyt between 1985 and 1990 and the general civil practice firm of Cohen, England, Whitfield & Osborne in Oxnard, California between 1981 and 1985.

Mr. Hessling was admitted to the State Bars of California and Arizona in 1980. His educational background is as follows: University of Arizona, College of Law (J.D. 1980), High Distinction Honors, Order of the Coif; and University of Nebraska (B.A. 1977), High Distinction Honors, Phi Beta Kappa. He is admitted to practice before the Ninth Circuit and the United States District Courts for the Central and Southern Districts of California. He is a member of the Los Angeles County Bar Association and the Los Angeles Bankruptcy Forum.

Mr. Hessling is the author of *Reaffirmation And Redemption* (Charlottesville: The Michie Company, 1994), which is a major consumer bankruptcy treatise in the areas of reaffirmation and redemption. Mr. Hessling is the co-author of "Exemption Rules Under The Bankruptcy Reform Statute," *Los Angeles Lawyer,* Volume 29, No. 4, pp. 10–11 (June 2006) (co-authors: Matthew F. Kennedy and Kim Tung). This article discusses the amendments to the rules governing exemptions under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**Matthew F. Kennedy**

Matthew F. Kennedy is a former associate of DGDK. While at DGDK between 1999 and July 2012, Mr. Kennedy represented: (1) bankruptcy trustees, creditors and debtors in Chapter 7 and 11 cases in the Los Angeles, Riverside, Santa Ana and San Fernando Valley Divisions in the Central District; and (2) clients in business matters and litigation in state and federal courts. His experience includes liquidating bankruptcy assets and prosecuting bankruptcy and business litigation in state and federal courts. He managed and supervised large litigation portfolios, particularly actions to avoid preferential and/or fraudulent transfers.

In 1998, Mr. Kennedy served as a Law Clerk for the Honorable Barry Russell, United States Bankruptcy Judge in the Los Angeles Division of the Central District and the Chief Judge of the Bankruptcy Appellate Panel of the Ninth Circuit. His experience included preparing bench memoranda for appellate proceedings before the Bankruptcy Appellate Panel, researching and preparing summary memoranda for daily proceedings in the Bankruptcy Court, and maintaining the daily Bankruptcy Court calendar.

Mr. Kennedy was admitted to the State Bar of California in December of 1998. His educational background is as follows: Southwestern University, College of Law (J.D. 1998), and State University of New York –University at Albany (B.A. 1991). He is admitted to practice before the Ninth Circuit and the United States District Courts for the Central and Southern Districts of California. He is a member of the Los Angeles County Bar Association and the Los Angeles Bankruptcy Forum.

Mr. Kennedy is the co-author of "Exemption Rules Under The Bankruptcy Reform Statute," *Los Angeles Lawyer,* Volume 29, No. 4, pp. 10–11 (June 2006) (co-authors: Robert A. Hessling and Kim Tung). This article discusses the amendments to the rules governing exemptions under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3853 Meadow Park Lane, Torrance, CA 90505.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF TRUSTEE TO EMPLOY ROBERT A. HESSLING, APC, AS GENERAL COUNSEL FOR TRUSTEE; AND DECLARATIONS OF JASON M. RUND AND ROBERT A. HESSLING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 10, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> **Debtor's Counsel** Khachik Akhkashian    akhkashianlaw@yahoo.com, www.ebrahimian@dba-law.com
> **Trustee** Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
> United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
> Michael P Weisberg    mweisberg@bg.law, mevans@bg.law

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On January 10, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> Debtor
> Paul Edward Roberts
> 10000 Santa Monica Blvd
> Suite 2907
> Los Angeles, CA 90067-7029

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 10, 2022 | Robert A. Hessling | /s/ Robert A. Hessling |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE